CASE 3.—SUITS BY ZACK HEDGER AGAINST JOSEPH ROEBKE, WILLIAM WALGE, L. C. ALFRED AND OTHERS AND THE CITY OF LATONIA TO ENFORCE APPORTIONMENT WARRANTS.—March 8.    ·

## City of Latonia v. Hedger
## Hedger v. Roebke
## Same v. Walge
## Same v. Alfred, &c.

Appeal from Kenton Circuit Court.

W. McD. SHAW, Circuit Judge.

From the judgment in favor of the defendants, other than the city, Hedger appeals, and from the judgment against the city in favor of ·Hedger, the city appeals. Reversed.

1   Municipal   Corporations—Local   Improvements—Ordinances—
Passage—Statutes.—Ky. Stats., 1903, section 3567, relating to
cities of the fourth class, provides that no ordinance for any
original improvement shall take effect until it is passed at
two meetings of the board of council at least two weeks
apart or by a majority of the council voting in the affirmative,
unless the improvement is ordered by such board of council
without petition, in which event two-thirds of the members
shall concur therein, and then not until the ordinance as first
passed shall have been published as required by section
3487, unless the improvement be asked by petition signed by
persons owning a majority of the property liable therefor when
the ordinance may be passed at one meeting by a majority
vote.   Section 3572 provides that the council may cause the
work to be done without petition if two-thirds of the members
so elect at a regular meeting of the council.   Held that,
where two-thirds of the members of the council concur, they
may pass a street improvement ordinance without a petition
from the majority of the property owners, but, where there
is such a petition, the ordinance may be passed at one meeting
by a majority vote.

2.   Same—Publication.—Ky. Stats., 1903, section 3567, provides
that no ordinance for any original improvement shall take
effect until it is passed by a vote at two meetings of the
board of council, unless the improvement is ordered by the
board without petition from the property holders, in which
event two-thirds of the members of such board shall concur
therein, and section 3457 declares that immediately after the
adjournment of each meeting of the board every ordinance
passed at that meeting shall be published, and such publica-
tion shall be made before the ordinance is enforced.   Held,
that the provision as to publication of the ordinance "as first
passed" applies only when the ordinance is passed at two
meetings of the council, and does not relate to an ordinance
for a municipal improvement properly ordered by the board
of council without petition from the property owners.

ORLANDO P. SCHMIDT, attorney for appellant Zack Hedger.

POINTS AND AUTHORITIES.

1.   That under section 3567, as construed by the Legislature in
section 3572, the city council of a fourth class city may pass an
ordinance, for the construction of a street on the square foot plan,
at one meeting, provided two-thirds of all the members elect
concur therein.

City of Latonia v. Hedger, &c.

2. That where the petition and exhibits make out a prima facie case (as here) and the defendant forces a submission of the case, without introducing any evidence to support his defensive pleas, the plaintiff is entitled to a judgment against the property owner.

3. That the alleged failure of a city council to pass the ordinance at two meetings, did not render it void or inoperative, but, after the improvement had been made according to it, came under the curative provision of section 3567.

4. That as the property owners stood by and permitted the work to be completed by the contractor and accepted by the city council without raising any objection, or taking any step to prevent it, they are estopped from now urging any objection, and the curative provision aforesaid, in substance, that no error in the proceedings of the city council shall exempt from payment, or defeat the lien, comes in and cures the defects, if any.

5. That the general rule of construction that the authority delegated to municipal corporations must be strictly construed and closely pursued, has been modified by section 3567, for, as held by this court, the sovereign power which delegated the authority may, when it sees proper, change or even abrogate this peculiar rule of construction.

6. The lien is not conferred by the ordinance, but is conferred by the statute, and would have attached even if the ordinance had not expressly mentioned it.

7. That in cities of the fourth class, the power does not depend upon the strict observance of the provisions of the law, but upon the fact that the work has been completed and accepted, without objection, according to the ordinance and contract, it being expressly provided that no error in the proceedings of the board shall impair the lien or exempt the property owners from payment.

8. That the property owners, if they desire to question the proceedings, must take the necessary legal steps to enjoin the work before the improvement is made, otherwise the law will make the cost of same a lien upon their property, which must be paid by them.

9. That a mere change of grade, after the contract has been awarded, even if held to be an error, would likewise come under this curative provision, and the property owners would be under the same obligation to take the necessary legal steps to enjoin the contractor and municipality from proceeding with the work, for if they stand by and allow the work to proceed and be completed they thereby sanction it and become liable under the law.

10. None of the alleged errors is material, and none of them

constitute a defense to the cause of action set out in the petition.

All these propositions, except the first, are plainly deducible from the decisions of this court, and it is respectfully submitted that the judgments appealed from should be reversed, and the cases remanded, with directions to the lower court to render judgments against the property owners.

### AUTHORITIES CITED.

Kentucky Statutes, sections 3567, 3569, 3571, 3564, 3566; Tennessee Paving Brick Co. v. Barker, 22 Ky. Law Rep., 1069; Hackworth v. Louisville Artificial Stone Co,. 106 Ky., 234; Cabell v. City of Henderson, 28 Ky. Law Rep., 89; Orth v. Park & Co., 25 Ky. Law Rep., 1910; Elliott on Streets, sections 567, 587, 576, 583; Lindenberger Land Co. v. Park & Co., 27 Ky. Law Rep., 427: Broadway Baptist Church v. McAtee & Cassidy, 8 Bush, 508; City of Louisville v. Gast, 26 Ky. Law Rep., 412; City of Henderson v. Lambert, 77 Ky., 30; Bogard v. O'Brien, 14 Ky. Law Rep., 648; Joyce v. Shadburne, 11 Ky. Law Rep., 892: Barbar Asphalt Co. v. Carr, 24 Ky. Law Rep., 2228.

HALL & McLEAN, attorneys for appellees.

Our contention is:

1.  That under the first clause of section 3567, Ky. Statutes, it is contemplated that there shall be a petition, but not signed by the owners of a majority of the property liable for the improvement, in which case there must be two passages of the ordinance, a majority voting in favor of the ordinance.

2. . The second clause contemplates no petition at all, in which case there must be two passages of the ordinance, two-thirds of the members voting in the affirmative.

3.  Under the third clause, when there is a petition signed by the owners of a majority of the property liable for the improvement, one passage is sufficient.

This interpretation gives meaning to every word of the statute, and is perfectly logical. It makes the passage most difficult when there is no petition, less difficult when there is a minority petition, and least difficult when there is a majority petition.

4.  This brings to the next question, which is:

Does the provision of the chapter to the effect that: "No error in the proceeding of the board of council shall exempt from payment or defeat said lien after the work has been done, as required by ordinance," cure the defect in the passage of the ordinance and render the property holders liable?

From the authorities in this State, this question must be answered in the negative.

The language is, "no error in the proceeding of the board of council shall exempt from payment or defeat said lien after the work has been done, as required by ordinance." Here the work was not done at all "as required by ordinance." It was not required by ordinance at all. There was never any ordinance for the doing of the work. It was done entirely without ordinance. The appellant was a mere volunteer. He acquired no rights against the property owners, and they were under no obligation to seek to have him cease the work.

5. The next proposition to be considered is the question as to the apportionment of the cost of constructing the curb and gutter. Our contention is that the cost of constructing the same ought to have been apportioned according to the front and abutting feet instead of by the square feet.

6. There being no common law liability on the part of the property holders to pay for the cost of the improvements the liability being wholly statutory, we must look to the contract alone, and if the work be not done according to the contract, no liability exists whatever on the part of the property holders to pay for the improvement.

## AUTHORITIES CITED.

Section 3567, Kentucky Statutes; Caldwell v. Rupert, 10 Bush, 179; City of Henderson v. Sutton, 7 Ky. Law Rep., 378; Harris v. Zable, 5 Ky. Law Rep., 114; Kaye v. Hall, 13 B. M., 455; East Tennessee Telephone Company v. Anderson County Telephone Company, 22 Ky. Law Rep., 418; Maraman v. Ohio Telephone Company, 25 Ky. Law Rep., 784; City of Covington v. Brinkman, 25 Ky. Law Rep., 1949; Fehler v. Gosnel, 99 Ky., 380; City of Louisville v. Gleason, 20 Ky. Law Rep., 1865; Campbell v. Cincinnati, 50 Ohio St., 463; Langan v. Bitzer, 26 Ky. Law Rep., 579; Caldwell, &c., v. Rupert, &c., 10 Bush, 179; Richardson v. Mehler, 23 Ky. Law Rep., 921; City of Covington v. Brinkman, 25 Ky. Law Rep., 1949; Section 3566 Ky. Statutes; Joyes, &c., v. Shadburn, &c., 11 Ky. Law Rep., 892; E. and E. W. Marshall v. Barbour Asphalt Paving Company, 23 Ky. Law Rep., 1971; Whitehead v. Hipple, 11 Ky. Law Rep., 386; Harris v. Zable, 4 Ky. Law Rep., 1000, 5 Ky. Law Rep., 114; Weingartner v. Spinks, 5 Ky. Law Rep., 250.

OPINION OF THE COURT BY JUDGE HOBSON—Reversing.

The city council of the city of Latonia on June 28, 1904, by unanimous vote of all the members of the council, passed an ordinance directing the improvement of Pike street from the east line of Washington street to the north line of Taylor avenue. Thereafter the city made a contract with Zach Hedger for the work. Hedger performed the work contracted for, and then brought suit against the property owners and the city on the apportionment warrants which had been issued to him by the city, praying judgment against the property and against the city if the property was held not liable. Answers were filed, and on final hearing the circuit court held the property owners not liable, and gave Hedger a judgment against the city. From the judgment against it in favor of Hedger the city appeals, and from the judgment dismissing his petition against the property owners Hedger appeals.

The judgment of the circuit court was based upon the ground that the ordinance which was passed at the same meeting of the council at which it was introduced and at no other meeting was void. The correctness of this ruling depends upon the construction of the statute governing cities of the fourth class, to which Latonia belongs. The statute, so far as material, is in these words: "But no ordinance for any original improvement mentioned herein shall take effect until it is passed by a yea and nay vote at two meetings of the board of council at least two weeks apart, or at least a majority of the councilmen voting in the affirmative, unless said improvement is ordered

by said board of council without petition from the property holders, in which event two-thirds of the members-elect of said board of council shall concur therein; and, further, not until the ordinance as first passed shall have been published as required by section 3487, unless said improvement be asked by petition signed by persons owning a majority of the property liable therefor, when the ordinance may be passed at one meeting of said board by a majority yea and nay vote, but published, nevertheless, as required by section 3487." Ky. Stat., 1903, section 3567. There was no petition of the property owners for the improvement in question, but two-thirds of the members-elect of the board of council concurred in passing the ordinance. The position of counsel for appellee as to the construction of the statute is this: "(1) That under the first clause it is contemplated that there shall be a petition, but not signed by the owners of a majority of the property liable for the improvement, in which case there must be two passages of the ordinance; a majority voting in favor of the ordinance. (2) The second clause contemplates no petition at all, in which case there must be two passages of the ordinance; two-thirds of the members voting in the affirmative. (3) Under the third clause, when there is a petition signed by the owners of a majority of the property liable for the improvement, one passage is sufficient." By section 3568 the council may, in its discretion, "upon the petition of the majority of the property owners," grant them permission to do the work, and by section 3572 the original construction of any public way may be made at the exclusive cost of the owners of the abutting property "upon the petition of the majority of the property holders." Then follow these words: "Provided, however, that the

said board of council may cause the same to be done without petition from the owners of lots or land fronting or abutting or bordering upon the ground to be improved, if two-thirds of the members-elect of the said council, at the regular meeting thereof, as provided in section 3567, shall concur therein.''

It is evident that under the last clause of section 3567 the council, when it acts upon the petition of the majority of the property holders, may pass the ordinance at one meeting by a majority yea and nay vote. It is also evident that the preceding provisions of the section apply where the council acts without a petition from a majority of the property holders. By the first clause of this part of the section the ordinance may be passed by a yea and nay vote at two meetings of the council at least two weeks apart, a majority of the councilmen voting in the affirmative; and the question we are to determine is the proper meaning of the following words in the statute: ''Unless said improvement is ordered by said board of council without petition from the property holders, in which event two-thirds of the members-elect of said board of council shall concur therein.'' To properly understand these words they must be read in connection with the proviso in section 3572 that the board of council may cause the work to be done without petition if two-thirds of the members-elect at the regular meeting of the council, as provided in section 3567, shall concur therein. It is manifest that under section 3572 only one meeting of the council is necessary if two-thirds of the members-elect at a regular meeting concur in the ordinance. In the first part of section 3572 ''the petition of the majority of the property owners'' is referred to, and when, in the next sentence, the words, ''without petition from the owners,'' are used,

they evidently refer to the same thing; that is, the petition of the majority of the property owners. The same construction must be. given to section 3567. It also refers to a petition "signed by persons owning a majority of the property liable therefor," and no other petition is named in that section. The petition by the majority of the property owners is also named in section 3568. Nowhere in the entire act is a petition by a minority of the property owners referred to. A petition by a minority of the property owners might be signed by one person. The purpose of the Legislature was not to give power to the minority, but to the majority of the property owners. The petition by a majority of the property owners is provided for in the acts governing other classes of cities, but nowhere in the entire statute do we find any provision for a petition by a minority of the property owners to control the action of the council. We must give some force to all the provisions of the act, and in arriving at a proper construction of one section we must read it with other sections bearing on the same subject. Reading the statute in this way, we are satisfied that the word "unless" introduces an exception to the provision just above, requiring a vote at two meetings of the council, and that the meaning of the statute is that two-thirds of the members-elect concurring may order the improvement without a petition from a majority of the property owners, but that, where there is such a petition from the property owners, it may be ordered at one meeting by a majority yea and nay vote. In other words, where there is a petition from a majority of the property owners, the ordinance may be passed at one meeting by a majority yea and nay vote, and, where there is no such petition, it may be passed at one meeting if two-thirds of the

members elect of the council shall concur therein; but that otherwise the ordinance must be passed by a yea and nay vote at two meetings of the council at least two weeks apart, a majority of the councilmen voting in the affirmative, and that the ordinance, before it may be enforced, must be published as provided in section 3487.

It has long been the legislative policy to give the majority of the property holders a voice on the question of the improvement of streets. Such provisions were common in town charters in force before the adoption of the present Constitution. But we do not recall any legislative provision for a petition by a minority of the property holders. Our whole system of government rests upon the idea that the voice of the majority should have effect. The statute cannot mean that where there is no petition from the majority of the property holders, the ordinance must be concurred in by two-thirds of the members-elect of the council at two regular meetings; for this would be to give no effect to the first clause of the provision under which the ordinance may be passed by a majority yea and nay vote at two regular meetings of the council, and, if this does not apply where there is no petition, it cannot have any force at all, as the ordinance may be passed by a yea and nay vote at one meeting where there is such a petition. It has been customary for the Legislature to provide some safeguard to the property holders against hasty legislation of this character, and to this end it has often been required that the ordinance must be passed at two regular meetings of the council. The draughtsman of the section apparently started out to make this provision here; and in some way subsequently two exceptions were made to the general rule requiring

the passage of the ordinance at two regular meetings of the council: (1) Where there was no petition from a majority of the property holders, but where two-thirds of the members-elect of the council concurred in the ordinance. (2) Where there was such a petition and a majority by a yea and nay vote concurred therein. It will be observed that the language of the provision is negative: "No ordinance for any original improvement    *    *    *    shall take effect until it is passed by a yea and nay vote at two meetings of the board of council    *    *    *    unless said improvement is ordered by said board of council without petition from the property holders, in which event two-thirds of the members-elect of said board of council shall concur therein." The natural meaning of this is that, when there is no petition but a concurrence of two-thirds of the members-elect of the council, then the ordinance may take effect without its passage at two regular meetings of the council. And that this is the meaning is shown by section 3572; for by no other construction can the two sections be reconciled.

A contrary conclusion is not to be drawn from these words in section 3567: "And further not until the ordinance as first passed shall have been published as required by section 3487." That section, so far as material, is as follows: "Immediately after the adjournment of each meeting of the board, every ordinance passed at that meeting shall be published at least once in some newspaper published in the city, or by handbills, and such publication shall be made before any ordinance is enforced; and it shall be the duty of the clerk to have such publication made, and to preserve a copy thereof." The publication is required to be made before the ordinance "shall take effect." The provision as to the publication of the

ordinance "as first passed" applies when the ordi-
nance is passed at two meetings of the council.    It
does not apply to the state of case excepted out of the
rule by the words, "unless said improvement is or-
dered by said board of council without petition from
the property holders," etc.    This clause of the sen-
tence is parenthetical.    The statute does not mean
that an ordinance must be published as first passed,
and that then it will take effect after its second pas-
age without further publication.

We therefore conclude that the ordinance was valid,
and that the circuit court should have so held on the
demurrer to the reply.    No grounds were shown for
holding the city of Latonia liable.

The judgments in the cases are reversed, and causes
remanded for further proceedings consistent here-
with.